# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **CHAD E. GOINS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00673 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **JEFFERY KISER, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Chad E. Goins*, Pro Se Plaintiff; *Laura H. Cahill, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia*, for Defendants.

The plaintiff, Chad E. Goins, moves for reconsideration of the Opinion and Order granting the defendants' Motion for Summary Judgment. After review of the motion and the record, I find no grounds for relief from the Judgment.

Goins, a Virginia inmate confined at Red Onion State Prison ("Red Onion"), filed this action under 42 U.S.C. § 1983 and Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5. In brief, Goins states that his Sunni Muslim religion requires him to perform salah, a form of prayer, and to purify himself with water before salah. Certain bodily functions, such as a need to urinate, defecate, or pass gas, prevent a Sunni from proper concentration on salah, so he should tend to these matters before salah. If he performs one of these bodily functions during salah, he must then repurify himself or his continued salah will not be accepted.

Goins presents evidence that on December 21, 2018, while performing salah with other Sunni inmates in their assigned meeting place — the dining hall at Red Onion, he needed to use the bathroom. An officer told him that inmates were not permitted to use the bathroom adjoining the dining hall. When Goins filed grievances on the matter, he was told that inmates were expected to use the bathroom before leaving their cell blocks to attend religious services in the dining hall. Based on this evidence, Goins filed his § 1983 Complaint, seeking monetary damages and declaratory and injunctive relief directing Red Onion to allow Sunni inmates to use the dining hall bathroom during salah.

The parties agree that Red Onion policy provides for officers to announce the Sunni salah twice — once before the first call for the service and again before the final call. The parties also agree that between December 21, 2018, and February 23, 2020, a Sunni inmate who needed to use the bathroom during salah had two choices: to end his salah early and return to his cell block to use the bathroom or to wait until after salah to do so. Starting on February 24, 2020, subject to security and staffing concerns, an inmate in that circumstance could be escorted to his housing unit to use the bathroom and then be escorted back to the dining hall to resume salah.

Based on this evidence, I granted summary judgment for the defendants. *Goins v. Kiser*, No. 7:19CV00673, 2020 WL 2529619 (W.D. Va. May 18, 2020).

Specifically, I concluded that Goins had not presented genuine issues of disputed facts on which he could persuade a fact finder that lack of access to the dining hall bathroom placed a substantial burden on his religious practice. *Id.* at *3–5 (citing *Wall v. Wade*, 741 F.3d 492, 498 (4th Cir. 2014) (requiring showing of substantial burden for viable First Amendment free exercise claim); *Incumaa v. Stirling*, 791 F.3d 517, 525 (4th Cir. 2015) (same for RLUIPA). I remain convinced that this holding is correct on the facts in this case.

As I noted, between December 21, 2018, and February 23, 2020, Goins had ample notice and opportunity to plan ahead to avoid letting bodily functions interfere with salah and to purify himself before leaving his cell to participate in salah. Indeed, Goins provides evidence of only one occasion (December 21, 2018) when he, personally, experienced a bodily need to use the restroom during salah. Since the policy adjustment on February 24, 2020, Red Onion officials have provided an additional accommodation: now if Goins has a bodily function arise unexpectedly during salah, he may return to his cell, perform that function and purify himself, and return to salah. Based on this evidence, I found no triable fact on which Goins could show a substantial burden on the purification aspect of his religious practice under the First Amendment or RLUIPA, or the prior or current version of the Red Onion bathroom use policy.

Because Goins's motion was filed within 28 days after the challenged Judgment was entered,[1] I construe it as arising under Rule 59(e) of the Federal Rules of Civil Procedure. A judgment may be amended under Rule 59(e) in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Furthermore, Rule 59(e) provides an "extraordinary remedy which should be used sparingly." *Id.* (internal quotation marks and citation omitted).

Goins's motion simply makes no such showings. He points to no change in the law or to any new evidence which alters my finding that he has failed to prove a substantial burden.[2] Rather, his motion merely repeats evidence he previously

---

[1] An inmate's court pleading is considered filed on the date when he delivers it to prison authorities for mailing to the court. *See, e.g., Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735-36 (4th Cir. 1991) (holding inmate's § 1983 action is commenced when he delivers his complaint to prison authorities for mailing). Goins has certified that he submitted his motion to prison authorities for mailing on June 15, 2020, the 28th day after entry of the Judgment he challenges.

[2] Along with this motion, Goins submitted a proposed Amended Complaint. He fails to identify any new information included in this document that was unavailable when he responded to the defendants' summary judgment motion. Nor do his proposed amendments persuade me that the prior and current versions of the bathroom use policy placed a substantial burden on Goins' salah and purification practices for the reasons I have stated.

presented to the court and argues that I should reach a different decision on the defendants' summary judgment motion.  I decline to do so.

Finding no cause, it is **ORDERED** that the Motion for Reconsideration, ECF No. 34, is DENIED.

          ENTER:   November 5, 2020

          /s/  JAMES P. JONES
          United States District Judge